NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSE O. AKINFADERIN-ABUA, | Civil Action No.: 13-cv-3452 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| MICHAEL LiPUMA, LAW OFFICE OF MICHAEL LiPUMA, and U.S. BANK, NATIONAL ASSOCIATION | |
| Defendants. | |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court on Defendants Michael LiPuma, Law Office of Michael LiPuma, and U.S. Bank, National Association's Motion to Dismiss *pro se* Plaintiff Rose Akinfaderin-Abua's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4.) The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. Based on the reasons that follow, Defendants' motion to dismiss is granted without prejudice. Plaintiff is granted thirty (30) days in which to file an Amended Complaint that cures the pleading deficiencies discussed below.

**II.   BACKGROUND**

Plaintiff commenced this action by filing a Complaint on June 4, 2013 against Defendants alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Pl.'s Compl.) On September 17, 2014, Defendants filed a motion to dismiss. (Defs.' Mot. to Dismiss.) Plaintiff has not responded to Defendants' motion.

In the Complaint, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692(g), 15 U.S.C. § 1692(e), and 15 U.S.C. § 1692(f) of the FDCPA. The facts asserted in the Complaint are sparse. The Complaint generally alleges that Defendants are "debt collectors" attempting to collect a "debt" within the meaning of the FDCPA. (Pl.'s Compl. 1-2.) The Complaint asserts that on or about September 24, 2012 Defendants engaged in collection activity in violation of the FDCPA. (Pl.'s Compl. 1-2.)

### III.   LEGAL STANDARD

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). If a claim is dismissed pursuant to Rule 12(b)(6), the plaintiff may be granted leave to amend or reassert the claim. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21).

### IV. DISCUSSION

Plaintiff alleges that Defendants violated the FDCPA by (1) engaging in collection activity without explaining her due process rights, (2) making false and misleading representations in connection with the collection of an alleged debt, and (3) threatening to interfere with her business interests. (Pl.'s Compl. 1-2.)

In Defendants' motion to dismiss, Defendants argue that the Complaint should be dismissed because Plaintiff has failed to allege sufficient facts to support her claims in violation of Fed. R. Civ. P. 12(b)(6).[1] (Defs.' Mot. to Dismiss 6-7.) Defendants also argue that U.S. Bank is a creditor, not a debt collector, and cannot be sued under the FDCPA. (Defs.' Mot. to Dismiss

---

[1] Defendants also argue that the Court could dismiss the action for failure to effectuate service of process. (Defs.' Mot. to Dismiss.) Because the Court grants Defendants' motion based on the reasons set forth above, it need not reach that issue at this time. Defendants may renew their arguments in response to Plaintiff's amended pleading, to the extent one is filed.

7.)

The FDCPA prohibits the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692. To bring a claim under the FDCPA, a plaintiff must show that 1) defendant is a debt collector, and 2) defendant debt collector engaged in prohibited practices to collect a debt. Slimm v. Bank of Am. Corp., No. 12–5846, 2013 WL 1867035, at *4 (D.N.J. May 2, 2013). Under the FDCPA, a "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Plaintiff fails to state a claim for a violation of the FDCPA because Plaintiff has not demonstrated that Defendants are debt collectors, nor has she explained any allegedly prohibited activities that Defendants engaged in. Conclusory allegations without any facts supporting the claim that Defendants violated the FDCPA are insufficient. Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to plead with sufficient specificity.

## V. **CONCLUSION**

Based on the reasons set forth above, Defendants' Motion to Dismiss is granted. To the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted thirty (30) days to reinstate this matter and file an Amended Complaint for purposes of amending such claims.

An appropriate Order accompanies this Opinion.

DATED: April 22 , 2014

                                                                        **CLAIRE C. CECCHI, U.S.D.J.**